UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY WAYNE COLLINS,                          Case No. 10-15000

               Plaintiff,                      Victoria A. Roberts
v.                                              United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                Michael Hluchaniuk
                                                United States Magistrate Judge
               Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO REMAND UNDER SENTENCE SIX (Dkt. 13)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On December 16, 2010, plaintiff filed the instant suit seeking judicial

review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge

Victoria A. Roberts referred this matter to the undersigned for the purpose of

reviewing the Commissioner's decision denying plaintiff's claim for a period of

disability, disability insurance and supplemental security income benefits.  (Dkt.

3).  This matter is before the Court on plaintiff's motion to remand under Sentence

Six.  (Dkt. 13).  The filing deadline of the parties' cross-motions for summary

judgment based on the ALJ's decision on the merits have been adjourned until the

motion to remand under Sentence Six was resolved.

      B.      <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on August 23, 2006, alleging that he became unable to work on November 2, 2005.[1]  (Dkt. 8-6, Pg ID 239).  The claim was initially disapproved by the Commissioner on December 6, 2006.  (Dkt. 8-5, Pg ID 202-206).  Plaintiff requested a hearing and on September 2, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Gail Reich, who considered the case *de novo*.  In a decision dated September 21, 2009, the ALJ found that plaintiff was not disabled.  (Dkt. 8-2, Pg ID 25-38).  Plaintiff requested a review of this decision on November 21, 2009.  (Dkt. 8-2, Pg ID 23-24).  The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits (Dkt. 8-2, Pg ID 21-22), the Appeals Council, on October 22, 2010, denied plaintiff's request for review.  (Dkt. 8-2, Pg ID 18-20); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion to remand under sentence six be **DENIED**.

---

[1]  The disability onset date was amended to February 1, 2008 at the time of the hearing before the Administrative Law Judge.

## III.   DISCUSSION

### A.   Legal Standards

The Court may remand a case under two separate circumstances identified in 42 U.S.C. § 405(g).  These two kinds of remand are referred to as "sentence four" and "sentence six" remands due to their placement in the statute.  In a sentence four remand, the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  A remand entered pursuant to sentence four must accompany an order affirming, modifying, or reversing the Commissioner's decision.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  A sentence six remand is appropriate "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  Unlike a sentence four remand, in a sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination."  *Melkonyan,* 501 U.S. at 98.  Instead, the remand is the result of new evidence "that was not available to the claimant at the time of the administrative proceeding and that ... might have changed the outcome of the prior proceeding."  *Id*.  At this time, only plaintiff's request for a remand under sentence six is at issue.

Report and Recommendation
Motion to Remand Under Sentence Six
*Collins v. Comm'r*; Case No. 10-15000

Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed.Appx. 593, 598-99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r*, 97 Fed.Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r*, 79 Fed.Appx. 852, 859 (6th Cir. 2003). Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed.Appx. 547, 550 (6th Cir. 2007).

Report and Recommendation
Motion to Remand Under Sentence Six
*Collins v. Comm'r*; Case No. 10-15000

B.    Parties' Arguments

In his motion, plaintiff argues that he satisfied the sentence six requirements because the evidence at issue (a treating psychiatrist's report) was not available at the time of the hearing.  It was not available because, as explained at the hearing before the ALJ, plaintiff had not yet had his appointment with the psychiatrist, which was scheduled for three weeks after the hearing.  Plaintiff points out that the restrictions imposed by the treating psychiatrist are more restrictive than the RFC found by the ALJ and thus, are likely to result in a different decision.  Plaintiff also asserts that the opinion of the treating psychiatrist is entitled to deference.

In response, the Commissioner argues that plaintiff failed to meet his burden for a sentence six remand.  Specifically, the Commissioner asserts that plaintiff has not established that the evidence is "new" because the date of creation does not necessarily mean it is "new" evidence.  That is, for purposes of a sentence six remand, according to the Commissioner, evidence is only "new" if it was "not in existence or available to the claimant at the time of the administrative hearing." The Commissioner argues that plaintiff has made no attempt to show that the evidence, while dated after the hearing, was *unavailable* before the hearing.  According to the Commissioner, since plaintiff began his mental health treatment six months before the administrative hearing, he could have sought treatment and an opinion from Dr. Parks before the hearing.  Yet, according to the

Report and Recommendation<br>
Motion to Remand Under Sentence Six<br>
*Collins v. Comm'r*; Case No. 10-15000

Commissioner, plaintiff not does explain why he did not seek treatment or could not have been examined by Dr. Parks before the hearing.

The Commissioner also argues that plaintiff has failed to establish that the evidence is "material." According to the Commissioner, it is not reasonably probable that the ALJ would have reached a different decision based on Dr. Parks' opinion because (1) there is no evidence that Dr. Parks was a treating physician; (2) the ALJ was unlikely to give the opinion any weight because the ALJ had already examined and given little weight to another opinion from an examining physician (Dr. Muehleman), whose opinion was obtained at the direction of counsel; and (3) the mental health evidence in the record consists only of a letter from Ambrosia Roberts, BS, MHP, who is neither a psychiatrist nor a psychologist, thus the fact that Dr. Parks reviewed and relied on this minimal evidence does not make it likely that the ALJ would have given the opinion much weight.

Finally, the Commissioner argues that plaintiff failed to establish "good cause" for failing to include Dr. Parks' opinion in the evidence before the ALJ. Simply because Dr. Parks did not examine plaintiff until after the hearing is not sufficient under Sixth Circuit precedent to establish "good cause." Plaintiff has failed to provide a valid reason for his failure to obtain evidence prior to the hearing and thus, has failed to show "good cause."

In reply, plaintiff argues that the record does, in fact, show a treating relationship between plaintiff and Dr. Parks.  At the hearing, plaintiff's counsel mentioned that plaintiff had an appointment with a psychiatrist approximately three weeks after the hearing.  Dr. Parks is with Massac Mental Health, where plaintiff had seen a therapist.  Thus, according to plaintiff, he has established a treating relationship.

Plaintiff also argues that he has shown that the evidence was unavailable at the time of the hearing because his attorney informed the ALJ of the date of plaintiff's appointment with the psychiatrist and that he could not get in to be seen for three weeks.  (Tr. 139).  Plaintiff points out that the decision was issued before plaintiff's appointment.

Plaintiff also asserts that the evidence is material because the ALJ is not likely to reject the opinion as she did with Dr. Muehleman's opinion because Dr. Parks was not paid to give an opinion at the request of counsel and his opinion is consistent with the evidence from the therapist at Massac Mental Health, who stated that plaintiff's depression prevented him from focusing, he had poor immediate recall and recent memory, and he could not interact appropriately with others due to his inability to control his emotions.  (Tr. 578).

C.    Analysis and Conclusion

In the view of the undersigned, even if the evidence was "new" and

Report and Recommendation
Motion to Remand Under Sentence Six
*Collins v. Comm'r*; Case No. 10-15000

"material," plaintiff has not established "good cause" for the failure to provide this evidence to the ALJ earlier.  It is true that plaintiff's lawyer stated that plaintiff's appointment with the psychiatrist was not until three weeks after the hearing, however, there was no explanation on the record at that time, and plaintiff has offered none at this point, as to why such an appointment was not and could not have been made earlier.  Counsel stated "I think he's scheduled to see the psychiatrist for the first time in about three weeks, but because he had not been seen by a psychologist or psychiatrist, and yet the therapist was telling us that she thought that he had a pretty significant problem, I asked him to be seen and examined by a psychologist in Murry, Kentucky, named Dr. Thomas Muehleman." (Tr. 139; Pg ID 157).  The therapist's letter is dated July 23, 2009 and indicates that she has been treating plaintiff since June 23, 2009, approximately one month and indicates that plaintiff had an appointment scheduled with Dr. Parks on September 24, 2009.  (Tr. 578; Pg ID 603).  Dr. Muehleman's report is dated August 17, 2009.  (Tr. 593-605; Pg ID 618-630).  Plaintiff was seen by Dr. Parks on September 24, 2009.  (Tr. 301-303; Pg ID 323-325).  There really is no clear explanation from plaintiff as to why he could not have seen Dr. Parks earlier.

Moreover, if plaintiff believed that Dr. Parks' report was going to be critical to his claim, he could have (but did not) ask the ALJ to keep the record open until such a report was prepared.  Where the transcript of a hearing before the ALJ

clearly indicates that claimant's attorney did not seek to have the record remain open until such time as other evidence could be made a part of the record, suggests that the claimant considered the evidence before the ALJ to be complete and sufficient to support his claim. *Dunlap v. Astrue*, 2011 WL 5037231, *11 (N.D. Ohio 2011), citing *Wills v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (*per curiam*). Any implication that counsel "dropped the ball" by failing to ask to keep the record open also does not establish "good cause" for purposes of a sentence six remand. *See Kendall v. Astrue*, 2011 WL 4388794 (E.D. Ky. 2011), citing *Taylor v.. Comm'r of Soc. Sec.*, 43 Fed.Appx. 941, 943 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional authority for [the claimant's] unstated, but unmistakable, premise that the alleged incompetence of [her] first attorney constitutes 'good cause' in this context."); *Gropp v. Astrue*, 2009 WL 5103619, *4 (W.D. Ky. 2009) ("Besides implying that previous counsel 'dropped the ball,' the plaintiff has not attempted to provide 'good cause' justification for the failure to submit the evidence prior to the ALJ's decision.").

Based on the foregoing, the undersigned concludes that plaintiff has not established "good cause" to warrant a sentence six remand and his motion should be denied. The undersigned expresses no opinions regarding the merits of the ALJ's decision below and should this report and recommendation be adopted, further briefing on that issue will be scheduled.

Report and Recommendation
Motion to Remand Under Sentence Six
*Collins v. Comm'r*; Case No. 10-15000

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion to remand under sentence six be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

Report and Recommendation
Motion to Remand Under Sentence Six
*Collins v. Comm'r*; Case No. 10-15000

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: November 9, 2011                          s/Michael Hluchaniuk
                                                Michael Hluchaniuk
                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on November 9, 2011, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to the following: Marsha E. Wood, Kenneth L. Shaitelman, AUSA,
and the Commissioner of Social Security.

                                                s/Darlene Chubb
                                                Judicial Assistant
                                                (810) 341-7850
                                                darlene_chubb@mied.uscourts.gov

Report and Recommendation
Motion to Remand Under Sentence Six
*Collins v. Comm'r*; Case No. 10-15000